USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/9/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>RICO GONZALEZ,<br><br>                          Defendant. | 1:23-cr-18-MKV<br><br>**OPINION AND ORDER DENYING MOTION TO DISMISS SUPERSEDING INDICTMENT** |

MARY KAY VYSKOCIL, United States District Judge:

Defendant Rico Gonzalez ("Gonzalez") moves to dismiss Counts One and Three of the Superseding Indictment charging him with possession of a firearm following a prior felony conviction, in violation of 18 U.S.C. § 922(g)(1) (Count One), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three). Gonzalez argues that, following the decision of the United States Supreme Court in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), both statutes under which he is charged are unconstitutional as applied, and further that 18 U.S.C. § 922(g)(1) is unconstitutional facially. For the following reasons, the motion to dismiss is DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

The Complaint [ECF No. 1 ("Compl.")] and the Superseding Indictment [ECF No. 20 ("SI")] in this matter allege the following facts. On or about December 26, 2022, officers in the New York City Police Department received a report from the 911 dispatcher that a man had brandished a gun at a vehicle near 115th Street and First Avenue in Manhattan, and that the gun was tucked into the man's waistband. Compl. ¶ 3a. Officers responded to the location and observed an individual, later identified as Gonzalez, sitting by a tree. *Id.* ¶ 3b. Gonzalez appeared to be fumbling inside his coat pocket. *Id.* ¶ 3c. One of the officers, upon approaching Gonzalez, observed the handle of a gun sticking out of his waistband. *Id.* The officer frisked Gonzalez and

felt what appeared to be a gun. *Id.* The officer retrieved a gun from Gonzalez's waistband. *Id.* ¶ 3d. Gonzalez was arrested and taken to the police station, where he was searched. *Id.* ¶ 3e. Officers recovered quantities of heroin, crack cocaine, and other controlled substances from Gonzalez's person. *Id.* At the police station, Gonzalez told officers that he had discovered the firearm inside a building shortly before his arrest and that he intended to turn the firearm over to law enforcement. *Id.* ¶ 3f. The firearm was a Taurus Armas .38 caliber revolver and contained six .38 caliber rounds of ammunition. *Id.* ¶ 4.

Gonzalez's relevant criminal history is as follows. On or about August 7, 2019, in this District, Gonzalez was convicted of possession of ammunition following a prior felony conviction, in violation of 18 U.S.C. § 922(g), and conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). For these crimes, Gonzalez was sentenced to concurrent 40-month terms of imprisonment. At the time of his arrest for the offenses in this case, Gonzalez had completed his term of imprisonment and was serving a three-year term of federal supervised release. *Id.* ¶ 6.

On December 30, 2022, the United States Government (the "Government") filed a Complaint charging Gonzalez with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and 2. *Id.* ¶ 1. On January 12, 2023, a Grand Jury returned an Indictment charging Gonzalez with the aforementioned crime. [ECF No. 2]. On August 14, 2023, Gonzalez moved to dismiss the Indictment. [ECF No. 16]. The Government opposed. [ECF No. 22]. On August 22, 2023, a Grand Jury returned a Superseding Indictment charging Gonzalez with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count One), one count of distribution of narcotics, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(C), and 2 (Count Two), and one count of firearms use, carrying, and

possession, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three).  SI ¶¶ 1–4.  Count One charges that on or about December 26, 2022, in the Southern District of New York, Gonzalez, knowing he had previously been convicted of a felony, knowingly possessed a firearm in and affecting interstate commerce.  *Id.* ¶ 1.  Count Two charges that on the same date, Gonzalez knowingly and intentionally distributed and possessed with intent to distribute controlled substances, and aided and abetted the same.  *Id.* ¶ 2.  The controlled substances involved in the offense are charged to be mixtures and substances containing a detectable amount of methamphetamine and fentanyl.  *Id.* ¶ 3.  Count Three charges that on the same date, during and in relation to the drug trafficking crime charged in Count Two, Gonzalez knowingly used and carried a firearm, and in furtherance of that crime, possessed a firearm.  *Id.* ¶ 4.  On September 15, 2023, Gonzalez moved to dismiss Counts One and Three of the Superseding Indictment.  [ECF No. 25 ("Def. Mem.")].  The Government opposed [ECF No. 28 ("Gov't Mem.")], and Gonzalez replied [ECF No. 31 ("Def. Reply")].

## **LEGAL STANDARD**

Under Federal Rule of Criminal Procedure 12(b), a court may dismiss an indictment for failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v). "A defendant faces a high standard in seeking to dismiss an indictment, because an indictment need provide the defendant only a plain, concise, and definite written statement of the essential facts constituting the offense charged." *United States v. Smith*, 985 F. Supp. 2d 547, 561 (S.D.N.Y. 2014) (internal quotation marks omitted), *aff'd sub nom. United States v. Halloran*, 664 F. App'x 23 (2d Cir. 2016).  In deciding a motion to dismiss under Rule 12(b), "a court must accept all factual allegations in the indictment as true," and "should not look beyond the face of the indictment and draw inferences as to proof to be adduced at trial, for 'the sufficiency of the evidence is not appropriately addressed on a

pretrial motion to dismiss an indictment.'" *United States v. Thomas*, 492 F. Supp. 2d 405, 412–13 (S.D.N.Y. 2007) (quoting *United States v. Alfonso*, 143 F.3d 772, 777 (2d Cir. 1998)). A court may address a constitutional attack on an indictment within the context of a Rule 12(b) motion, "because an indictment's defects can affect a defendant's substantive rights at trial." *Smith*, 985 F. Supp. 2d at 561–62 (quoting *United States v. Post*, 950 F. Supp. 2d 519, 528 (S.D.N.Y. 2013)).

## DISCUSSION

Gonzalez moves to dismiss Counts One and Three of the Superseding Indictment on the basis that, following the decision of the United States Supreme Court in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), both statutes he is charged with violating, 18 U.S.C. §§ 922(g)(1) and 924(c), are unconstitutional as applied, and further that Section 922(g)(1) is unconstitutional facially. *See* Def. Mem. 1–2. Gonzalez argues that these statutes, which prohibit convicted felons from possessing firearms and prohibit the use, carrying, and possession of a firearm while engaged in drug trafficking activity, lack founding-era analogues, and are thus unconstitutional under *Bruen*'s instruction that courts should consider only constitutional text and history in determining whether an individual's conduct falls outside of the protections of the Second Amendment. *See* Def. Mem. 2–3; *Bruen*, 597 U.S. at 22–24. For the reasons that follow, the Court rejects Gonzalez's arguments.

### I. Section 922(g)(1) Is Constitutional

#### A. Section 922(g)(1) Is Facially Constitutional

The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The Second Amendment "confer[s] an individual right to keep and bear arms." *D.C. v. Heller*, 554 U.S. 570, 595 (2008). In *District of Columbia v. Heller*, 554 U.S. 570 (2008),

and *McDonald v. Chicago*, 561 U.S. 742 (2010), the Supreme Court held that the Second Amendment "protect[s] the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense." *Bruen*, 597 U.S. at 8–9.  However, "[l]ike most rights, the right secured by the Second Amendment is not unlimited." *Heller*, 554 U.S. at 626.  It does not confer "a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Id.*  In *Heller*, the Supreme Court cautioned that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 626–27.  Such limitations, the Supreme Court noted, are "presumptively lawful." *Id.* at 627 n.26. The constitutionality of such regulations was reiterated by the Supreme Court in the plurality decision in *McDonald*.  *McDonald*, 561 U.S. at 786 ("We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons . . . .  We repeat those assurances here." (internal quotation marks omitted)).

Relying on the assurances in *Heller* and *McDonald*, the Second Circuit has expressly held that Section 922(g)(1), which prohibits a convicted felon from possessing a firearm in or affecting interstate commerce, *see* 18 U.S.C. § 922(g)(1), does not violate the Second Amendment. *United States v. Bogle*, 717 F.3d 281, 281–82 (2d Cir. 2013) (per curiam).  In doing so, the Second Circuit "join[ed] every other circuit to consider the issue in affirming that § 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons." *Id.*

Gonzalez first argues that *Heller*'s (and by extension, *McDonald*'s) references to felon-in-possession laws are dicta that have "no effect on this Court's required independent analysis of 922(g)(1)." Def. Mem. 10.  However, "even if [a] statement is fairly characterized as dictum," this

5

Court is "obligated to accord great deference to Supreme Court dicta, absent a change in the legal landscape." *United States v. Harris*, 838 F.3d 98, 107 (2d Cir. 2016) (internal quotation marks omitted).  Moreover, in *Bogle*, "the Second Circuit . . . turned what [Gonzalez] characterizes as 'dicta' in *Heller* and *McDonald* into binding precedent." *United States v. Hampton*, No. S2 21 CR. 766 (JPC), 2023 WL 3934546, at *12 (S.D.N.Y. June 9, 2023); *accord United States v. Williams*, No. 23-CR-218 (VSB), 2023 WL 8355891, at *3 (S.D.N.Y. Dec. 1, 2023) ("Even if these statements might be considered dicta, they became binding on district court judges in this Circuit when the Second Circuit adopted them in *Bogle*."); *United States v. Mitchell*, No. 1:23-CR-00198 (ALC), 2023 WL 8006344, at *2 (S.D.N.Y. Nov. 17, 2023).

Where "the Second Circuit has spoken directly to the issue presented by [a] case," "this Court is required to follow that decision unless and until it is overruled in a precedential opinion by the Second Circuit itself or unless a subsequent decision of the Supreme Court so undermines it that it will almost inevitably be overruled by the Second Circuit." *United States v. Diaz*, 122 F. Supp. 3d 165, 179 (S.D.N.Y. 2015) (internal quotation marks omitted), *aff'd*, 854 F.3d 197 (2d Cir. 2017); *see also United States v. Peguero*, 34 F.4th 143, 158 (2d Cir. 2022) ("It is a longstanding rule that a panel of our Court is bound by the decisions of prior panels until such times as they are overruled either by an en banc panel of our Court or by the Supreme Court." (internal quotation marks omitted)).  In *Bogle*, the Second Circuit spoke directly to—and rejected—the issue that Gonzalez raises in his motion to dismiss Count One of the Superseding Indictment: whether Section 922(g)(1) is facially unconstitutional.  *See Bogle*, 717 F.3d at 281–82.

Gonzalez argues that this Court need not adhere to *Heller*'s and *McDonald*'s statements regarding the constitutionality of felon-in-possession laws, made precedential in this Circuit by *Bogle*, because such case law was abrogated by the Supreme Court's decision in *Bruen*.  Def. Mem.

6

10–11.  In *Bruen*, the Supreme Court held that New York State's licensing regime for the public carry of handguns was unconstitutional and clarified that, "consistent with *Heller* and *McDonald*," the protections of the Second Amendment extend to "an individual's right to carry a handgun for self-defense *outside* the home."  *Bruen*, 597 U.S. at 10 (emphasis added).  In so holding, the Supreme Court rejected the means-end analysis around which the Courts of Appeals had coalesced in considering Second Amendment challenges in the wake of *Heller* and *McDonald*.  *See id.* at 18–19.  Instead, "*Bruen* requires courts to engage in two analytical steps when assessing Second Amendment challenges: first, by interpreting the plain text of the Amendment as historically understood; and second, by determining whether the challenged law is consistent with this Nation's historical tradition of firearms regulation."  *Antonyuk v. Chiumento*, No. 22-2908, 2023 WL 8518003, at *11 (2d Cir. Dec. 8, 2023).

The Second Circuit has not had occasion to revisit its holding in *Bogle* following *Bruen*.  Accordingly, "[t]he precise question for this Court . . . is not whether, by [the Court's] own analysis," *Bruen* supports a finding that Section 922(g)(1) is unconstitutional, but whether *Bruen* "so conclusively supports that finding that the Second Circuit or the Supreme Court is all but certain to overrule" *Bogle*.  *United States v. Emmenegger*, 329 F. Supp. 2d 416, 429 (S.D.N.Y. 2004).  The Court is not persuaded that *Bruen* does so.

Although the majority opinion in *Bruen* did not directly address its impact on laws regulating the possession of firearms by felons, it stressed its holding's consistency with *Heller* and *McDonald*.  *See Bruen*, 597 U.S. at 10, 19, 24, 31; *United States v. King*, 634 F. Supp. 3d 76, 83 (S.D.N.Y. 2022) ("[T]he *Bruen* majority opinion makes abundantly clear that *Heller* and *McDonald* stand as controlling precedents.").  The *Bruen* majority also repeatedly referred to the Second Amendment's protections as extending to "law-abiding" citizens.  *Bruen*, 597 U.S. at 9,

7

15, 26, 29–31, 38, 60, 70–71. Justice Kavanaugh's concurring opinion, joined by Chief Justice Roberts, expressly confirmed that it remains the case, under *Bruen*, that "[p]roperly interpreted, the Second Amendment allows a variety of gun regulations," including the "longstanding prohibitions on the possession of firearms by felons" recognized in *Heller* and *McDonald*. *Id.* at 80–81 (Kavanaugh, J., concurring) (internal quotation marks omitted) (quoting *Heller*, 554 U.S. at 626, and citing *McDonald*, 561 U.S. at 786). Justice Alito's concurrence in *Bruen*, too, confirmed that the majority opinion did not "disturb[] anything that we said in *Heller* or *McDonald* . . . about restrictions that may be imposed on the possession or carrying of guns." *Id.* at 72 (Alito, J., concurring). The dissent, penned by Justice Breyer and joined by Justices Sotomayor and Kagan, agreed. *See id.* at 129 (Breyer, J., dissenting) ("I understand the Court's opinion today to cast no doubt on that aspect of *Heller*'s holding" regarding "prohibitions on the possession of firearms by felons." (internal quotation marks omitted)). Thus, "six of the nine Justices authored or joined separate opinions which . . . noted that *Bruen* does not disrupt or abrogate *Heller* and *McDonald*'s endorsements of felon-in-possession laws."[1] *Hampton*, 2023 WL 3934546, at *12; *see also United States v. Nelson*, No. 22-CR-436 (JGK), 2023 WL 6520378, at *2 (S.D.N.Y. Oct. 4, 2023); *United States v. Garlick*, No. 22-CR-540 (VEC), 2023 WL 2575664, at *5 (S.D.N.Y. Mar. 20, 2023). Accordingly, nothing in *Bruen* casts doubt on the enduring constitutionality of felon-in-possession prohibitions as articulated in *Heller* and *McDonald* and relied on by the Second Circuit in *Bogle*.

Additionally, the Second Circuit in *Bogle* did not apply the means-end scrutiny that the Supreme Court rejected in *Bruen*. *See Bogle*, 717 F.3d at 281; *see also Hampton*, 2023 WL

---

[1] Justices Thomas and Gorsuch have also previously "recognized that history supported the constitutionality of some laws limiting the right to possess a firearm, such as laws banning firearms from certain sensitive locations and prohibiting possession by felons and other dangerous individuals." *New York State Rifle & Pistol Ass'n, Inc. v. City of New York, New York*, 590 U.S. __, 140 S. Ct. 1525, 1540–41 (2020) (Alito, J., dissenting).

3934546, at *12 ("*Bogle* does not utilize any means-ends interest balancing."); *United States v. Fayton*, No. 1:23-CR-00001 (JLR), 2023 WL 8275924, at *4 (S.D.N.Y. Nov. 30, 2023) ("Significantly, *Bogle* did not employ the means-end scrutiny disapproved by *Bruen*."). "Rather, the Second Circuit reasoned purely from language in *Heller* and *McDonald* expressly affirming 'longstanding prohibitions on the possession of firearms by felons.'" *Hampton*, 2023 WL 3934546, at *12 (quoting *Bogle*, 717 F.3d at 281).

Thus, the Court cannot say "that the Second Circuit or the Supreme Court is all but certain to overrule" *Bogle* in light of *Bruen*. *Emmenegger*, 329 F. Supp. 2d at 429. Every court in this District that has considered whether *Bogle* survives *Bruen* has reached the same conclusion. *See King*, 634 F. Supp. 3d at 83; *United States v. D'Angelo*, No. 23 CR. 327 (PGG), 2023 WL 9056404, at *4–5 (S.D.N.Y. Dec. 31, 2023); *United States v. Cabrera*, No. 23-CR-209 (VEC), 2023 WL 8812532, at *3 (S.D.N.Y. Dec. 20, 2023); *Williams*, 2023 WL 8355891, at *3; *Fayton*, 2023 WL 8275924, at *5; *Mitchell*, 2023 WL 8006344, at *2; *United States v. Ford*, No. 23 CRIM. 107 (LGS), 2023 WL 7131742, at *2 (S.D.N.Y. Oct. 30, 2023); *Nelson*, 2023 WL 6520378, at *3; *United States v. Craft*, No. 23-CR-00178 (PMH), 2023 WL 6215326, at *3 (S.D.N.Y. Sept. 25, 2023); *United States v. Davila*, No. 23-CR-292 (JSR), 2023 WL 5361799, at *2 (S.D.N.Y. Aug. 22, 2023); *Hampton*, 2023 WL 3934546, at *12–*13; *Garlick*, 2023 WL 2575664, at *5; *United States v. Barnes*, No. 22-CR-43 (JPO), 2023 WL 2268129, at *2 (S.D.N.Y. Feb. 28, 2023). Accordingly, *Bogle*'s holding remains binding upon this Court. Section 922(g)(1) is constitutional on its face.

### B. Section 922(g)(1) Is Constitutional As Applied to Gonzalez

Gonzalez also challenges the constitutionality of Section 922(g)(1) as applied to him. The Second Circuit has not addressed whether Section 922(g)(1) is subject to as-applied challenges.

*See Craft*, 2023 WL 6215326, at *3; *Mitchell*, 2023 WL 8006344, at *7. Other circuits, however, have found Section 922(g)(1) constitutional in all of its applications, foreclosing as-applied challenges. *See United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023) (following *Bruen*, "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)"); *Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023) (finding "no basis to draw constitutional distinctions based on the type of felony involved" with respect to Section 922(g)(1)).

Even if Section 922(g)(1) were amenable to an as-applied challenge, Gonzalez's motion is meritless. Gonzalez has at least two prior convictions for "crime[s] punishable by imprisonment for a term exceeding one year," *i.e.*, felonies, bringing his conduct squarely within the purview of the statute. 18 U.S.C. § 922(g)(1); *see* Compl. ¶ 6; Def. Mem. 1; *see also King*, 634 F. Supp. 3d at 83; *Craft*, 2023 WL 6215326, at *3.

Gonzalez cites *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) (en banc), to support his as-applied challenge to Section 922(g)(1). *See* Def. Mem. 6–7. In that case, the Third Circuit, sitting *en banc*, held Section 922(g)(1) unconstitutional as applied to a defendant with an underlying conviction of food stamp fraud. *See Range*, 69 F.4th at 98. The *Range* court found that the Government had not carried its burden, under *Bruen*, to demonstrate "a longstanding history and tradition of depriving people like [the defendant] of their firearms." *Id.* at 106.

*Range* does persuade the Court. First, *Range* is not binding in this Circuit. *See Nelson*, 2023 WL 6520378, at *3; *Craft*, 2023 WL 6215326, at *4. Second, *Range* "is an outlier amongst courts across the country analyzing post-*Bruen* constitutional challenges to § 922(g)(1)." *United States v. Sternquist*, No. 22-CR-473(DLI), 2023 WL 6066076, at *6 (E.D.N.Y. Sept. 15, 2023). Indeed, "[t]he Third Circuit is the singular Court of Appeals to sustain an as-applied challenge to the validity of § 922(g)(1)." *Mitchell*, 2023 WL 8006344, at *8. Finally, the *Range* court itself

10

limited its holding to the specific set of facts before it.  *See Range*, 69 F.4th at 106 (noting that the decision "is a narrow one").

Gonzalez "has not made the case that his circumstances are sufficiently similar" to the defendant in *Range* to favor his as-applied challenge.  *Mitchell*, 2023 WL 8006344, at *8.  The *Range* court focused on the nonviolent nature of the defendant's conduct—"making a false statement on an application for food stamps," a state-law misdemeanor.[2]  *Range*, 69 F.4th at 105; *see Craft*, 2023 WL 6215326, at *4.  By contrast, Gonzalez's relevant prior convictions are federal felonies: possession of ammunition following a felony conviction (for attempted burglary in the second degree) and conspiracy to distribute crack cocaine.  Compl. ¶ 6; *see* Gov't Mem. 3 & n.3.  Gonzalez argues that these crimes are "non-violent."  *See* Def. Mem. 1, 3, 6, 11; Def. Reply 13.  But the Second Circuit "has repeatedly acknowledged that certain crimes, notably drug trafficking, present a . . . risk of violence."  *United States v. Patterson*, 25 F.4th 123, 143 (2d Cir. 2022); *see also United States v. Carswell*, 144 F. Supp. 2d 123, 133 (N.D.N.Y. 2001) ("[A]mmunition possession by convicted felons carries the same inherent risk as does gun possession.").  Unlike the defendant in *Range*, Gonzalez's felony "convictions are a result of . . . dangerous activity." *Mitchell*, 2023 WL 8006344, at *8; *see also* Gov't Mem. 27.  And in any case, "there is nothing in *Heller*, *McDonald*, or *Bogle* to suggest that the validity of a restriction on a felon possessing a firearm turns on the severity of the felony that triggers the restriction."  *Nelson*, 2023 WL 6520378, at *3.

Accordingly, the Court rejects Gonzalez's as-applied challenge to Section 922(g)(1).  Gonzalez's motion to dismiss Count One of the Superseding Indictment is DENIED.

---

[2] The *Range* defendant's crime qualified as a felony under Section 922(g)(1) because the offense was eligible for a maximum sentence of five years' imprisonment.  *See Range*, 69 F.4th at 98.

## II.     Section 924(c) Is Constitutional As Applied to Gonzalez

Gonzalez also challenges Section 924(c) as applied to him.  Section 924(c) prohibits the use, carrying, or possession of a firearm during and in relation to a "crime of violence or drug trafficking crime."  18 U.S.C. § 924(c)(1)(A).  Gonzalez argues that, under *Bruen*, the Government "fails to establish a historical tradition similar to [the statute's] prohibition on the possession of a firearm while committing a drug trafficking crime."  Def. Mem. 7.  Gonzalez's as-applied challenge to the constitutionality of Section 924(c) fails for similar reasons as his Section 922(g)(1) challenges.

The Second Circuit has upheld the constitutionality of Section 924(c) as applied, finding "that the Second Amendment does not protect the *unlawful* purpose of possessing a firearm in furtherance of a drug trafficking crime."  *United States v. Bryant*, 711 F.3d 364, 370 (2d Cir. 2013) (per curiam).  In *Bryant*, the Second Circuit relied on *Heller*'s "central holding," reemphasized in *McDonald*, that the Second Amendment does not confer "a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose," but rather "protects a personal right to keep and bear arms for *lawful purposes*, most notably for self-defense within the home."  *Id.* at 369 (internal quotation marks omitted) (quoting *Heller*, 554 U.S. at 626, and *McDonald*, 561 U.S. at 780).  The Second Circuit has not revisited *Bryant*'s holding following *Bruen*.  Thus, as with respect to the Court's analysis of Gonzalez's Section 922(g)(1) challenges, the Court is bound by *Bryant* unless *Bruen* "so undermines it that it will almost inevitably be overruled by the Second Circuit."  *Diaz*, 122 F. Supp. 3d at 179 (internal quotation marks omitted).

*Bruen* does nothing to undermine *Bryant*'s holding as to the constitutionality of Section 924(c) as applied to Gonzalez's conduct, a drug trafficking crime.  Indeed, *Bruen* recognized that "[t]hroughout modern Anglo-American history, the right to keep and bear arms in public has

traditionally been subject to well-defined restrictions governing the intent for which one could carry arms," and restated *Heller*'s admonition that the Second Amendment does not protect the right to keep and bear arms for "whatever purpose." *Bruen*, 597 U.S. at 21, 38 (quoting *Heller*, 554 U.S. at 626). In addition, as explained above, *Bruen* both reaffirmed *Heller* and *McDonald*, *see King*, 634 F. Supp. 3d at 83, and consistently referred to "law-abiding" citizens, *Bruen*, 597 U.S. at 9, 15, 26, 29–31, 38, 60, 70–71. Thus, *Bruen* does not undermine, and indeed supports, the viability of *Bryant*'s holding that possession of a firearm in furtherance of a drug trafficking crime is plainly unprotected by the Second Amendment.

It does not appear that the Second Circuit or any district court in this Circuit has yet encountered the argument that Gonzalez raises before this Court. However, the Courts of Appeals have consistently rejected Second Amendment challenges to Section 924(c) following *Bruen*. *See United States v. Cash*, No. 22-2713, 2023 WL 6532644, at *3–4 (3d Cir. Oct. 6, 2023); *In re Terry*, No. 22-13615-C, 2022 WL 20033240, at *2 (11th Cir. Nov. 14, 2022) ("*Bruen*, relating to rights of ordinary, law-abiding, adult citizens to carry handguns publicly for their self-defense, has [no] bearing on § 924(c)'s prohibition on gun possession during a drug-trafficking crime." (internal quotation marks omitted)); *see also United States v. Burgess*, No. 22-1110, 2023 WL 179886, at *5 (6th Cir. Jan. 13, 2023) (holding the same with respect to *Bruen*'s impact on the Section 2D1.1(b)(1) enhancement under the Federal Sentencing Guidelines). District courts around the country are in accord. *See, e.g.*, *United States v. Serrano*, 651 F. Supp. 3d 1192, 1210 (S.D. Cal. 2023); *United States v. Garrett*, 650 F. Supp. 3d 638, 642 (N.D. Ill. 2023); *United States v. Snead*, 647 F. Supp. 3d 475, 477 (W.D. Va. 2022); *United States v. Ingram*, 623 F. Supp. 3d 660, 664 (D.S.C. 2022).

Thus, the Court concludes that *Bryant* remains good law following *Bruen*. "[T]he Second Amendment does not protect the unlawful purpose of possessing a firearm in furtherance of a drug trafficking crime," as prohibited by Section 924(c). *Bryant*, 711 F.3d at 370. Gonzalez's conduct—using, carrying, and possessing a firearm in connection with a drug trafficking crime, specifically, the distribution and possession with intent to distribute methamphetamine and fentanyl—as alleged in the Superseding Indictment and undisputed for purposes of the present motion, falls within the statute's ambit.[3] *See* 18 U.S.C. § 924(c)(1)(A). Accordingly, the Court rejects Gonzalez's as-applied challenge to Section 924(c). Gonzalez's motion to dismiss Count Three of the Superseding Indictment is DENIED.

## CONCLUSION

For the foregoing reasons, Gonzalez's motion to dismiss is DENIED in its entirety.[4] The Clerk of Court respectfully is requested to terminate the motions pending at ECF Nos. 16 and 25.

**SO ORDERED.**

**Date: January 9, 2024**            *[signature: Mary Kay Vyskocil]*
**New York, NY**                       **MARY KAY VYSKOCIL**
                                       **United States District Judge**

---

[3] Although Gonzalez styles his Section 924(c) argument as an as-applied challenge, he provides little to place his crime outside of the statute's clear interdiction. To the extent Gonzalez relies on the argument that he "engaged in *nonviolent* drug trafficking activity," Def. Mem. 7 (emphasis added), the Court rejects this characterization. As the Court has explained in connection with Section 922(g)(1), drug trafficking inherently poses a risk of violence and danger to others. *See Mitchell*, 2023 WL 8006344, at *7–*8. The Supreme Court has remarked in connection with Section 924(c) that "drugs and guns are a dangerous combination" that "creates a grave possibility of violence and death." *Smith v. United States*, 508 U.S. 223, 240 (1993). In any event, there is no indication "that, for constitutional purposes, the distinction between a violent crime and a non-violent crime matters" in this context. *Orrego Goez v. United States*, 656 F. Supp. 3d 1370, 1375 (S.D. Fla. 2023).

[4] For the avoidance of doubt, the Court's denial of Gonzalez's motion does not require the Court to reject Gonzalez's argument that he is among "the people" protected by the Second Amendment. *See* Def. Mem. 3–4; Def. Reply 4–6. Although *Heller*, and in turn, *Bruen*, repeatedly referred to "law-abiding citizens," *Heller* made clear that "the people" in the text of the Second Amendment "unambiguously refers to all members of the political community, not an unspecified subset." *Heller*, 554 U.S. at 580; *see also id.* (there is "a strong presumption that the Second Amendment right is exercised individually and belongs to all Americans"). Although Gonzalez is within the scope of the Second Amendment, he is "also subject to its limitations within the parameters established in *Bruen*." *Ford*, 2023 WL 7131742, at *2.